Filed 4/22/21  P. v. Rogers CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075189 |
| v. | (Super.Ct.No. RIF100702) |
| MELISSA SUE ROGERS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Ronald L. Taylor, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed and remanded.

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2002, Melissa Sue Rogers pled guilty to first degree murder and admitted personally using a firearm. In 2019, she filed a petition for resentencing relying on newly enacted Penal Code section 1170.95, which the trial judge denied.

On appeal, Rogers argues the trial judge erred by accepting the prosecution's representation of the facts at the prima facie stage and by failing to give her the opportunity to brief the issues. The People correctly concede this was error. We therefore reverse and remand for the trial judge to determine whether Rogers is entitled to an evidentiary hearing on her petition by conducting a proper prima facie review, with the benefit of briefing from the parties.

I.

FACTS

In 2001, Jamaloddin Doroudi was found shot to death in the store where he worked. After investigation, police determined that Rogers and Anthony Brown had worked together to rob Doroudi and that Rogers inflicted a number of non-fatal stab wounds on Doroudi, but Brown fired the fatal shot.

The Riverside County District Attorney charged Rogers and Brown with first degree murder (Pen. Code, § 187, subd. (a), unlabeled statutory references refer to this code) and alleged the special circumstance that the murder was committed during a robbery. (§ 190.2, subd. (a)(17)(A).) They also alleged Rogers personally used a knife (§ 12022, subd. (b)) and participated as a principal knowing another principal was armed with a shotgun (§ 12022, subd. (a)(1)).

In 2002, Rogers pled guilty to first degree murder and admitted she personally used a firearm during the offense. The court sentenced her to 25 years to life plus 10 years, in keeping with her agreement with prosecutors.

On December 9, 2019, Rogers filed a petition for resentencing under newly enacted section 1170.95. The trial judge scheduled a status conference for December 27, 2019, and notified the public defender's office. On December 19, the public defender notified the trial judge they had a conflict. The judge held an ex parte hearing the next day, where he appointed new counsel and rescheduled the status conference for January 10, 2020.  On January 10, the status conference was continued to February 28, 2020.

At the status conference, the prosecutor requested the trial judge dismiss the petition. The prosecutor argued Rogers was the actual killer and therefore ineligible for relief under section 1170.95. The prosecutor pointed to an arrest warrant declaration, the preliminary hearing transcript, and the appellate opinion in her codefendant's case in support of this argument. Rogers's counsel objected, but the trial judge dismissed the petition over this objection.

Rogers timely appealed the order denying her petition.

## II.

## ANALYSIS

Rogers argues the trial judge improperly denied her petition for resentencing by weighing the evidence at the prima facie stage and failing to give her the opportunity to brief her entitlement to relief. The People agree, and so do we.

Under section 1170.95, subdivision (b), a petitioner initiates the process of seeking resentencing "by filing a petition in the sentencing court that must include three pieces of information"—(i) a declaration saying the petitioner is eligible for relief under section 1170.95, (ii) the superior court case number and the year of petitioner's conviction, and (iii) whether or not the petitioner wants appointed counsel. (*People v. Cooper* (2020) 54 Cal.App.5th 106, 114 (*Cooper*).) "If a petition is missing any of these three pieces of information and the missing information 'cannot be readily ascertained by the [trial] court, the court may deny the petition without prejudice.' " (*Id.* at p. 114.) If a petition includes all the necessary information, it is facially sufficient and proceeds to the next phase of review.

Here, it is undisputed Rogers's petition was facially sufficient. She included a declaration stating she is eligible for relief because she was convicted of first degree murder under a felony murder or natural and probable consequences theory, her case number and year of conviction, and a request for appointed counsel. Nothing else is required.

4

Section 1170.95, subdivision (c), sets out what happens next. "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

Many appellate courts, including our own, have concluded this subdivision proceeds strictly chronologically, with each sentence being a new step in the process that follows the previous. (See, e.g. *People v. Palacios* (2020) 58 Cal.App.5th 845.) Under this view a trial judge first determines whether the petitioner has made a prima facie showing that they fall within the provisions of section 1170.95, often called the " 'eligibility' " review. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 975 (*Drayton*).) Only when the judge is satisfied the petition makes this prima facie showing does the judge appoint counsel and order briefing. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 332 (*Verdugo*).) After considering the briefing, the judge then conducts a second prima facie review to determine whether the petitioner makes a prima facie showing of entitlement to relief (the " 'entitlement' " review). (*Drayton*, at pp. 975-976.)

5

When conducting a prima facie review, the judge's "role . . . is simply to decide whether the petitioner is ineligible for relief *as a matter of law*, making all factual inferences in favor of the petitioner." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 329, italics added.) In doing so, the judge may review the record of conviction, but only to determine if the record settles the legal question. (*Id.* at pp. 329-330.) At this stage the judge is not a factfinder and "should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but . . . need not credit factual assertions that are untrue as a matter of law." (*Drayton*, *supra*, 47 Cal.App.5th at p. 980.) Put differently, "the trial court's authority to make factual determinations at the prima facie stage 'is limited to *readily ascertainable facts* from the record (such as the crime of conviction), rather than *factfinding* involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime).' " (*People v. Duchine* (2021) 60 Cal.App.5th 798, 812, italics added; quoting *Drayton*, at p. 980.) Because the trial judge's review is purely legal, we review his decision de novo. (See *Drayton*, at pp. 980-981.)

Rather than determine whether Rogers had demonstrated a prima facie case for eligibility, the trial judge acted as a factfinder. In arguing the judge should summarily dismiss Rogers's petition, the prosecutor relied on "the arrest warrant declaration and the preliminary hearing transcript that are in imaging," as well as the "2004 appellate opinion with respect to codefendant Brown's case," and argued they showed "she was one of the

actual killers." The trial court agreed and dismissed Rogers's petition "for the reasons stated by [the prosecutor]." This was error, as none of these documents could possibly have established Rogers's ineligibility *as a matter of law*. At the prima facie stage, the judge cannot weigh evidence or accept the prosecution's representations about the state of the evidence. The arrest warrant declaration and preliminary hearing transcripts would have contained factual, not legal, assertions, and the appellate court opinion could shed no light on any "readily ascertainable facts" about Rogers because the opinion didn't even involve her, only her codefendant.

Performing the analysis de novo, we agree with both Rogers and the People that Rogers's petition satisfied the eligibility review. She was charged with and convicted of first degree murder. Her initial charge included a felony-murder special circumstance allegation, which suggests the prosecutor intended to prosecute her under a felony-murder theory. She ultimately pled guilty to first degree murder and a firearm use allegation, but not the special circumstance. These allegations meet the three criteria necessary to establish a prima facie case for eligibility under section 1170.95—that she was charged with murder under a vicarious liability theory, she was convicted of first or second degree murder, and that it is not a settled matter of law under uncontested facts she would or could still be convicted of first or second degree murder under the law as it exists now.

Because the trial judge erred both in acting as a factfinder and in concluding Rogers failed to make a prima facie showing of eligibility for relief, we remand with

7

instructions to appoint counsel, permit briefing, and determine whether petitioner has made a prima facie showing of entitlement to relief.

However, we note our colleagues in the First District have recently criticized the review process outlined above, and have argued this process is needlessly complex, confusing, and based on an overly literal reading of section 1170.95, subdivision (c). (See *Cooper*, *supra*, 54 Cal.App.5th at pp. 118-123.) In *Cooper* the court "decline[d] to adopt the view that section 1170.95(c) requires two prima facie reviews—much less two reviews that are substantively different—and entitles a petitioner to counsel during only the second one." (*Id.* at p. 118.) Rather than requiring petitioners to show prima facie eligibility, before the judge must appoint counsel, *Cooper* holds "a petitioner is entitled to counsel upon the filing of a facially sufficient petition for relief that requests counsel be appointed." (*Id.* at p. 123.) Under *Cooper*, the "second" prima facie review—the "entitlement to relief" review—is the only prima facie review.[1]

That being said, the outcome of this case wouldn't change under the *Cooper* view, the only thing that would be different is the nature of the court's error. Under *Cooper*, Rogers was entitled to counsel and the opportunity to brief her entitlement to relief upon filing her facially sufficient petition. Thus, the trial judge's error under the *Cooper* view was denying her petition before receiving briefing. Under either view, we must reverse

---

[1] This split on the form of the prima facie review or reviews, particularly as it affects when the right to counsel arises under section 1170.95, is currently under review in the California Supreme Court. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1134, 1138, review granted Mar. 18, 2020, S260598.)

the order denying the petition and remand for the trial judge to determine whether Rogers is entitled to an evidentiary hearing.

## III.

## DISPOSITION

We reverse the order summarily denying the petition and remand to the trial court to allow for briefing and to determine whether Rogers has made a prima facie case for relief entitling her to an evidentiary hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH                      
                                    J.

We concur:


MILLER                      
            Acting P. J.


RAPHAEL                    
                        J.

9